**SIGNED THIS: January 25, 2007**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEVEN D. WRIGHT and | ) | Bankruptcy Case No. 03-90119 |
| DONNA M. WRIGHT, | ) | |
| | ) | |
| Debtors. | ) | |
| | | |
| STEVEN D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 05-9089 |
| | ) | |
| KEY CORP BANK, THE | ) | |
| EDUCATION RESOURCE INSTITUTE, | ) | |
| and AMERICAN EDUCATION | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

This matter having come before the Court on a complaint filed by Debtor, Steven D. Wright, entitled "Petitioner's Request for Discharge of Loans and, In the Alternative, for Declaratory Judgment as to the Rights of the Parties;" the Court, having reviewed the written memoranda of the parties and all documentary evidence submitted by the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

At the outset, the Court will note that, although the Debtor/Plaintiff was represented by Attorney Roger Prillaman in his underlying Chapter 7 bankruptcy filing, the Debtor/Plaintiff has chosen to represent himself in this adversary proceeding. While the Debtor/Plaintiff is a licensed attorney, he is not experienced in bankruptcy law and procedure. As such, the Court has given him considerable latitude in these proceedings as it does with all parties that choose to represent themselves. The complaint in this matter was originally filed on August 26, 2005, and was subsequently amended by order of August 18, 2006, adding an alternative prayer for relief to Count II of the complaint.

During the course of this proceeding, numerous hearings were held concerning discovery requested by the Debtor/Plaintiff from Defendant, The Education Resource Institute (TERI). In order to ensure that the Debtor/Plaintiff received complete discovery from Defendant, TERI, the Court closely monitored the discovery process in addition to entering an order, dated February 23, 2006, allowing Plaintiff's Motion to Compel Defendant to Make Rule 26 Disclosures and Answer Discovery. In preparing to rule on Debtor/Plaintiff's adversary complaint, the Court has carefully reviewed the entire record of this proceeding and concludes that Defendant, TERI, has substantially complied with this Court's discovery requirements, including, but not limited to, the order on discovery entered on February 23, 2006.

This matter was originally scheduled for trial on March 22, 2006; however, that trial date was vacated upon the Court's finding that additional discovery was required by both Debtor/Plaintiff and Defendant, TERI. The initial trial date was also vacated as a result of a filing of a Motion for Summary Judgment by Defendant, TERI, on March 20, 2006. On April 20, 2006, the Court denied the Motion for Summary Judgment filed by Defendant, TERI, and rescheduled the matter for trial on August 23, 2006.

The parties appeared for trial on August 23, 2006, with the Debtor/Plaintiff having himself as his only witness, and the Defendant having one witness whose sole purpose was to lay the foundation for and to authenticate Defendant's loan documents. The parties made their opening

statements, and the Debtor/Plaintiff commenced his case in chief. Soon after the Debtor/Plaintiff began his presentation, it became apparent to the Court that the Debtor/Plaintiff was not well organized and that there was confusion as to the issues to be presented. In particular, Debtor/Plaintiff made reference to an unrelated student loan which he was still paying and was not part of this proceeding. The facts which Debtor/Plaintiff presented raised the question of whether he was paying on the same student loan to two different creditors, including Defendant, TERI. Given this confusion, the Court recessed the trial and directed the parties to file trial briefs and to submit their exhibits with their briefs. After submitting their briefs and exhibits as directed, the parties both agreed that the Court could decide this matter on the briefs and exhibits as submitted with no need for any witness testimony or further argument.

Even though the Debtor/Plaintiff has agreed to have the Court rule upon the documents submitted by the parties and their briefs, the Debtor/Plaintiff has raised evidentiary objections to the affidavit of Defendant's representative, Drew Dallas, and to several of the exhibits submitted by the Defendant. The issues raised in this regard stem from lending practices seen with ever-increasing frequency in consumer loans, including educational loans. It is becoming common for lenders to transfer their loans to other institutions, either through sale or upon guarantee, and often such transfers happen two and three times on the same loan. In addition to such transfers, it is not uncommon for lenders to employ a third-party agency to service their loans, creating yet another level of complication. As in the instant case, in all cases where numerous transfers of a loan have occurred, communication between the various parties involved is always poor, and, generally, this Court has found that the quality of the documentation and cooperation between the various parties is substandard. It is this lack of communication and documentation that has caused frustration in Defendant's discovery response. Despite these difficulties, the Court finds that the documents and exhibits to which the Debtor/Plaintiff has objected will be admitted into evidence to the extent that they are either relevant or material.

In connection with his objection to some of Defendant's exhibits, the Debtor/Plaintiff has also moved to strike the affidavit submitted by the Defendant in support of the other exhibits introduced. The main issue raised in this regard, as with Defendant's exhibits, concerns the timeliness of their disclosure and presentation. Although the Court agrees that the Defendant was dilatory in supplying requested discovery, there has been no prejudice or detriment caused to the Debtor/Plaintiff's case. A review of the record leads the Court to conclude that the Debtor/Plaintiff has had ample time to review all of the evidence Defendant disclosed and to prepare his case. Additionally, the Court would note that a review of the affidavit and exhibits reveals only minimal relevant and material information. The Court concludes that the affidavit submitted in support of the documentary exhibits is that of an employee of a loan servicing agency employed by Defendant, TERI, to process the collection of the subject loan, and that there is sufficient basis to conclude that the Defendant's exhibits are authentic records of the loan transactions between the Defendant and the Debtor/Plaintiff.

The complaint before the Court consists of three counts raising various issues under 11 U.S.C. § 523(a)(8). The Court finds that the Debtor/Plaintiff has the burden of proof by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991). The Debtor/Plaintiff has submitted exhibits in support of his complaint. There were no objections to the exhibits, and the Court finds that they should be admitted into evidence and considered together with the written arguments.

Under Count I of the complaint, the Debtor/Plaintiff asserts that part of the loan in question is not "educational," and, as such, should be discharged as merely an unsecured loan. Although it is not clear from the complaint, it is apparent from the Debtor/Plaintiff's arguments that he is also arguing that the loan in question is not valid, and that he does not owe any money to Defendant, TERI, for this reason. The Court finds that the Debtor/Plaintiff has failed to meet his burden of proof on either of his arguments under Count I. While the discovery process in this case has not made it easy, the Court is able to conclude that Defendant, TERI, is the guarantor

on a student loan consolidation debt, which the Debtor/Plaintiff originally applied for and received from Defendant, Key Corp. Bank. The loan was serviced by Defendant, American Education Services, and, upon the Debtor/Plaintiff's default, the loan was assigned to Defendant, TERI, as the original guarantor. The Debtor/Plaintiff has provided no evidence to suggest that any part of the loan in question was not "educational." From the documentation supplied by both parties, the record of Debtor/Plaintiff's bankruptcy proceeding, and the arguments submitted, the Court is able to conclude that the debt in question resulted from consolidation of prior student loans of the Debtor/Plaintiff, and that, as such, the provisions of 11 U.S.C. § 523(a)(8) apply.

Although it is not clear from the allegations of the complaint, the Debtor/Plaintiff has spent considerable time in arguing that there is no contract between himself and Defendant, TERI, and that, as such, there is no debt. The Court has carefully reviewed this argument, and finds that the Debtor/Plaintiff has not submitted any evidence in support of this argument. In fact, the Court finds that the Debtor/Plaintiff is estopped from denying the debt to Defendant, TERI. See: Tipton County Farm Bureau Cooperative Assn., Inc. v. Hoover, 475 N.E.2d 38; PPM Finance, Inc. v. Norandal U.S.A., Inc., 297 F.Supp.2d 1072 (N.D. Ill. 2004); Goldberg & Associates, Ltd. v. Collins Tuttle & Co., Inc., 264 Ill.App.3d 878, 637 N.E.2d 1103 (1st Dist. 1994). In this regard, the Court finds that the Debtor/Plaintiff has scheduled each and every Defendant in this adversary proceeding as a creditor, and the evidence clearly establishes that the Debtor/Plaintiff had a course of dealing with each Defendant prior to filing bankruptcy, in which he not only agreed to make payments, but did make payments upon the debt in question. The Court finds that these actions by the Debtor/Plaintiff establish that the debt was ratified by the Debtor/Plaintiff and that his conduct in dealing with the Defendants prior to filing for bankruptcy is a bar to any claim as to the validity of the subject debt. Thus, the relief requested by the Debtor/Plaintiff under Count I of his complaint must be denied based upon his failure to meet his burden of proof.

Under Count II of his complaint, Debtor/Plaintiff seeks to have the debt in question discharged as an undue hardship pursuant to 11 U.S.C. § 523(a)(8). In determining whether a

5

student loan is dischargeable under 11 U.S.C. § 523(a)(8), the Seventh Circuit Court of Appeals has adopted the Second Circuit's three-pronged Brunner test. See: Brunner v. New York State Higher Education Service Corp., 831 F.2d 395 (2nd Cir. 1987); Goulet v. Educational Credit Management Corp., 284 F.3d 773 (7th Cir. 2002); In re Roberson, 999 F.2d 1132 (7th Cir. 1993). Under this test, a debtor must demonstrate: (1) that he cannot maintain, based upon current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loan; (2) that additional circumstances exist indicating that the state of affairs is likely to exist for a significant portion of the repayment period of the student loan; and (3) that the debtor has made good faith efforts to repay the loan. Roberson, supra, at 1135. If the debtor fails to establish any one of the elements, the test has not been met, and the Court need not continue the inquiry. The Court has carefully and thoroughly reviewed all of the evidence submitted in this matter and the arguments made by both parties. Based upon that review, the Court must conclude that the Debtor/Plaintiff has not demonstrated that he cannot maintain, based upon current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loan in question. Although there is no doubt that the Debtor/Plaintiff will have difficulty in retiring the loan in question, the evidence before the Court fails to demonstrate the "certainty of hopelessness" required by the Seventh Circuit in Goulet. The evidence submitted establishes that the Debtor/Plaintiff is currently healthy, employed, and able to meet his responsibilities. There is nothing in the evidence to indicate that the Debtor/Plaintiff will not be able to meet his obligations in the future. This being the case, the Court must conclude that the Debtor/Plaintiff has failed to meet his burden of proof to establish an undue hardship pursuant to 11 U.S.C. § 523(a)(8).

As an alternative to his request for a finding of undue hardship under Count II, the Debtor/Plaintiff requests that, "the court review plaintiff's income and expenses and determine in its equitable discretion what a reasonable monthly payment should be given plaintiff's expenditures." In regard to this alternative request, the Court finds that the Debtor/Plaintiff has

6

supplied no authority for such a ruling, and the Court has been unable to find any such authority on its own. As such, the Court finds that it must deny the alternative relief requested. Additionally, the Court would note that, even if there was authority for the Debtor/Plaintiff's alternative request, there is wholly insufficient evidence upon which to make such a determination. Based upon the facts before it, the Court has no choice but to conclude that the indebtedness due to Defendant, TERI, is non-dischargeable student loan debt pursuant to the provisions of 11 U.S.C. § 523(a)(8).

The relief requested by the Debtor/Plaintiff in Count III of his complaint is not entirely clear. However, it appears that the Debtor/Plaintiff is requesting a finding that the loans in question were never in default; his payment, if any, should be $193 per month; and he has overpaid the sum of $1,598, pursuant to previous payment agreements. In this regard, the Court finds that the Debtor/Plaintiff has not submitted any evidence to support the relief requested. A review of the exhibits submitted both by the Debtor/Plaintiff and Defendant, TERI, reveals that the consolidated loans in question were, in fact, in default prior to the Debtor/Plaintiff filing for bankruptcy relief, and that there was never a definitive agreement as to what the monthly payment should be. As for the Debtor/Plaintiff's request of a finding that there has been an overpayment, the Court concludes that there is no evidence of an overpayment; and that, in fact, as of the date the Debtor/Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code, the balance of the debt owed to Defendant, TERI, was in the amount of $53,536.72. This indebtedness continues to exist at this time and is in default pursuant to the terms of the agreement of the parties.

###